UNITED STATES OF AMERICA                    CIVIL ACTION

VERSUS                                      NO: 08-1566

JANINE D. LAURENT                           SECTION: R(5)


**ORDER**

On January 6, 1993, defendant Janine Laurent executed two
promissory notes payable to the U.S. Department of Education
under the Louisiana Office of Student Financial Assistance.  The
two notes promised to repay a combined principal of $2,275.00
plus interest at a variable rate set annually by the U.S.
Department of Education.  Laurent defaulted on both notes,
leaving a combined outstanding balance of $5,104.28.  The United
States sued Laurent to recover this balance and now moves for
summary judgment.  Laurent has not filed an opposition.

In a suit on a promissory note under Louisiana law, the
creditor establishes its prima facie case by producing the notes.
*E.g., Dugas v. Modular Quarters, Inc.*, 561 So.2d 192, 200 (La.
Ct. App. 1990); *see also e.g., United States v. Grieshaber,* 2000
WL 1357512, at *2 (E.D.La. 2000); *United States v. Ward*, 1992 WL
373557, at *2 (E.D.La. 1992).  "Once the note is introduced into
evidence, the burden of proof shifts to the debtor to establish
nonexistence, extinguishment, or variance in payment of the

obligation." *Dugas*, 561 So.2d at 200 (*citing Merchants Trust &*
*Sav. Bank v. Don's Intern.*, 538 So.2d 1060 (La. Ct. App. 1989).
The United States has met its burden here by attaching Laurent's
two promissory notes to its summary judgment motion along with
the affidavit of the U.S. Department of Education employee
authorized to certify records.  (R. Doc. 10-5.)  This affidavit
attests that the attached notes are accurate and complete copies.
(*Id.*)  To defeat summary judgment Laurent was required to
"establish nonexistence, extinguishment, or variance in payment
of the obligation," *Dugas*, 561 So.2d at 200, but she has not
responded to the government's motion.  The Court accordingly
GRANTS summary judgment in the United States' favor.  *See Celotex*
*Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986)(non-moving party
must point to specific facts creating an issue for trial); *see*
*also United States v. Ward*, 1992 WL 373557, at *2 (granting
summary judgment for United States when debtor did not provide
any evidence of non-existence, variance, or extinguishment of
obligation).


    New Orleans, Louisiana, this 27th day of February, 2009.


                    _____
                          SARAH S. VANCE
                    UNITED STATES DISTRICT JUDGE

2